President, Directors and Company of the Bank of North America
*against* Peter Wikoff.

[S. C. 4 Dall. 151.]

The ancient rule, that an objection to a witness is waived by permitting him to be sworn, does not now hold; the objection is taken in sufficient time, if made during the trial, in case he turns out to be interested.

CASE against the defendant, as indorser of three promissory notes, drawn by Joseph Harrison in 1787.

Jacob Lawersweyler was sworn as a witness on the part of the plaintiffs, to show that notice was given to the defendant of the notes not being paid, shortly after the expiration of the respective days of grace.

It appeared on the cross examination of the witness, that one Jacob Winey was entitled in his life time, to twenty shares of stock in the North American Bank, and on inspection of Winey's will, the witness was entitled to ⅔th parts of the residue of his whole estate.

The defendant's counsel therefore prayed the direction of the court, that his testimony should be considered as of no avail, being immediately interested in the event of the present suit.

On the part of the plaintiffs it was said, that the objection came too late, and Abrahams v. Bunn, 4 Burr. 2252, was cited. The exception however, was faintly resisted.

And by the court. It was formerly held that an objection to a witness was waived, by permitting him to be sworn. (1 Ld. Raym. 730.) But the modern practice of Westminster hall to swear the witness in chief in the first instance, and then to take the objection during the trial, if eventually he should appear to be interested, is founded in sound sense and reason. This mode has obtained "princpally for the convenience of the court, and it is for the furtherance of justice." (1 Term Rep. 719.) The same practice has been adopted by our courts, and we think the exception has been taken in due time. Though a witness has been examined an hour together at law, if in any part of his evidence it appears that he was a party interested, the court will direct the jury that he is no witness, nor any regard to be had to his testimony. 2 Vern. 464. 1 Equ. Ca. Ab. 224. 12 Vin. 12.

The plaintiffs hereupon suffered a nonsuit.
Messrs. Lewis and Tilghman, *pro quer.*
Messrs. Ingersoll and Rawle, *pro def.*